AO 106 (Rev. 04/10) Application for a Search Warrant

FILED

JUL 17 2018

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                           DEPUTY

# UNITED STATES DISTRICT COURT
for the
Southern District of California

In the Matter of the Search of  )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )   Case No. **18MJ4048**
T-Mobile Regarding Wireless Telephone Number )
858-776-1981 )

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:
See Attachment A, incorporated herein.

located in the ____Western____ District of ____Washington____, there is now concealed *(identify the person or describe the property to be seized)*:
See Attachment B, incorporated herein.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☑ evidence of a crime;
☐ contraband, fruits of crime, or other items illegally possessed;
☑ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 USC 2113a | Bank Robbery and Attempted Bank Robbery |

The application is based on these facts:
See Attached Affidavit of FBI Special Agent Brandon Cagle

☑ Continued on the attached sheet.
☐ Delayed notice of ____ days (give exact ending date if more than 30 days: ____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Brandon Cagle, Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 7-17-18

_____
*Judge's signature*

City and state: San Diego, CA          Hon. Nita L. Stormes, United States Magistrate Judge
*Printed name and title*

**AFFIDAVIT IN SUPPORT OF APPLICATION FOR SEARCH WARRANT**

I, Special Agent Brandon Cagle, having been duly sworn do hereby state that the following is true to my knowledge and belief.

**A.    Introduction**

1. This affidavit supports an application for a warrant for information associated with T-Mobile telephone number 858-776-1981 (the "Target Data"), including subscriber information, telephone toll data, and cell-site geo-location information for the period of May 9, 2018 up to and including June 18, 2018. As set forth below, probable cause exists to believe that the Target Data contains evidence of bank robbery, in violation of 18 U.S.C. § 2113(a). The Target Data is currently in the possession of T-Mobile, headquartered at 12920 SE 38th Street, Bellevue, Washington, 98006. This affidavit is made in support of an application for a search warrant under 18 U.S.C. § 2703(c)(1)(A) to require T-Mobile to disclose to the government copies of the information further described in Section I of Attachment B. Upon receipt of the information described in Section I of Attachment B, government-authorized persons will review the information to locate items described in Section II of Attachment B.

**B.    Training and Experience**

2. I am a Special Agent (SA) with the Federal Bureau of Investigation (FBI), and have been so employed since October 2014. I am currently assigned to the San Diego Field Division, North County Resident Agency (NCRA). Prior to joining the FBI, I was a Police Officer with the Riverdale, Illinois Police Department, serving from July 2013 until October 2014. In my capacity as a Police Officer, I identified, pursued, and arrested suspects and perpetrators of criminal acts. I recorded facts to prepare reports that documented incidents and activities and I reviewed facts of incidents to determine if criminal acts or statute violations were involved.

3. During my time at the NCRA, I have had personal contact with numerous admitted or known criminals and their associates and have discussed their lifestyle, and methods of operations regarding violent and property crimes. I have participated in

investigations involving criminal activity including, but not limited to criminal street gangs, white collar crime, computer crimes, and violent crimes. I have received training and gained experience in interviewing and interrogation techniques, arrest procedures, search warrant applications, the execution of searches and seizures, computer crimes, computer evidence identification, computer evidence seizure and processing, and various other criminal laws and procedures. I have personally participated in the execution of search warrants involving the search and seizure of computer equipment.

4. The following is based on my own investigation, oral and written reports by other law enforcement officers, interviews, subpoenaed and public records, database checks, and other investigations. Since this affidavit is for a limited purpose, I have not included every fact I know about this investigation. I set forth only facts necessary to establish foundation for the requested search warrant application. Conversations and discussions below are set forth in substance unless noted.

C.   **Facts in Support of Probable Cause**

5. On June 9, 2018, at approximately 10:44 a.m., an individual later identified as Terry Lee Taylor ("TAYLOR") robbed the US Bank located at 9400 Mira Mesa Boulevard, San Diego, California 92126. TAYLOR approached the bank teller and passed a demand note. The teller, who was concerned for her safety, complied and provided the TAYLOR with approximately $1,879. TAYLOR took the money and departed the bank. TAYLOR entered a nearby Jack in the Box where he changed his clothes and then fled the area.

6. On June 12, 2018, at approximately 3:55 PM, an individual later identified as TAYLOR entered the Chase Bank located at 1467 Main Street, Ramona, California 92065. TAYLOR approached the bank teller and passed her a demand note. The teller, who was concerned for her safety, complied and provided TAYLOR with $4,696. TAYLOR took the money and departed the bank.

7. On June 14, 2018, at approximately 12:20 PM, an individual later identified as TAYLOR entered the Bank of America located at 1407 Main Street, Ramona, California

2

92065. TAYLOR entered the bank and waited behind other customers. A bank employee recognized TAYLOR from the security photographs from the June 12, 2018, Chase Bank robbery. The employee, fearing for the safety of other employees and customers in the bank, pressed the alarm and called 911. TAYLOR appeared to become nervous and subsequently fled the bank without money.

8. On June 18, 2018, at approximately 4:55 PM, an individual later identified as Trinity Arin Keara Jones, entered the US Bank located at 12265 Scripps Poway Parkway, Poway, California 92064, and approached the teller counter. Jones stated she wanted to make a withdrawal. She then looked through her bag for her debit card. Jones was unable to find her debit card. The teller asked Jones for an identification card in order to look up her account. Jones stated she did not have her identification card and would come back later. Jones subsequently exited the bank. The teller observed Jones speak with an unknown individual, later identified as TAYLOR, immediately outside the front of the bank. TAYLOR subsequently entered the bank, approached the same teller, and passed a robbery demand note. The teller, fearing for her safety, complied and provided TAYLOR with $2,295. TAYLOR took the money and departed the bank. The teller walked to her manager's desk and saw the getaway vehicle. The teller observed a silver Dodge truck drive pass the front of the bank. The teller saw Jones driving the truck, with TAYLOR sitting in the passenger seat.

9. Law enforcement found and arrested TAYLOR without incident on June 18, 2018. TAYLOR was provided with his *Miranda* rights. He elected to waive those rights and to make a statement. Among other admissions, TAYLOR admitted to robbing the US Bank on June 9, 2018, the Chase Bank on June 12, 2018, and the US Bank on June 18, 2018. TAYLOR also admitted to attempting to rob the Bank of America on June 14, 2018. TAYLOR stated he used his cellular telephone to search online for banks in the area and how to get away with bank robberies. TAYLOR identified his cellular telephone as that with T-Mobile number 858-776-1981.

3

10. A cellular telephone was seized during TAYLOR's arrest. Following his arrest, TAYLOR admitted to being the user of that telephone. Law enforcement conducted a search of TAYLOR's cellular telephone. On June 15, 2018 at 8:40 AM, TAYLOR sent Jones a text message, on a cellular phone found in Jones' bedroom, which stated "ok we can do 1 more Tuesday evening." Jones responded "Why Tuesday." To which TAYLOR responded, "Because ill be out Wednesday evening."

11. Based upon my experience and training, consultation with other law enforcement officers experienced in robbery investigations, and all the facts and opinions set forth in this affidavit, I know that individuals involved in robberies often utilize cell phones that contain:

  a. Photographs depicting clothing, disguises worn (e.g., masks or bandanas), weapons and materials used during the robbery, along with any proceeds attained from the bank robbery;

  b. Communications with their coconspirators made about or in executing the robbery, to include coordinated and executing the flight from the bank robbery;

  c. Celebratory remarks after the successful completion of a bank robbery;

  d. Photographs depicting demand notes used during a bank robbery; and

  e. Communications about covering up or hiding their crimes and escaping or hiding from law enforcement.

12. Based on the facts above, there is reason to believe that TAYLOR used the cellular telephone associated with T-Mobile telephone number 858-776-1981 to communicate with Jones and other known and unknown co-conspirators in order to further the series of bank robberies.

13. In my training and experience, I have learned that T-Mobile is a company that provides cellular telephone access to the general public. I also know that providers of cellular telephone service have technical capabilities that allow them to collect and generate information about the locations of the cellular telephones to which they provide service, including cell-site data, also known as "tower/face information" or "cell

4

tower/sector records." Cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular telephone and, in some cases, the "sector" (i.e., faces of the towers) to which the telephone connected. These towers are often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas. Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device. Accordingly, cell-site data provides an approximate location of the cellular telephone but is typically less precise than other types of location information, such as E-911 Phase II data or Global Positioning Device ("GPS") data.

14. Based on my training and experience, I know that T-Mobile can collect cell-site data about the telephone number 858-776-1981. I also know that wireless providers such as T-Mobile typically collect and retain cell-site data pertaining to cellular phones to which they provide service in their normal course of business in order to use this information for various business-related purposes.

15. Based on my training and experience, I know that wireless providers such as T-Mobile typically collect and retain information about their subscribers in their normal course of business. This information can include basic personal information about the subscriber, such as name and address, and the method(s) of payment (such as credit card account number) provided by the subscriber to pay for wireless telephone service. I also know that wireless providers such as T-Mobile typically collect and retain information about their subscribers' use of the wireless service, such as records about calls or other communications sent or received by a particular phone and other transactional records, in their normal course of business. In my training and experience, this information may constitute evidence of the crimes under investigation because the information can be used to identify the telephone number 858-776-1981's user or users and may assist in the identification of co-conspirators and/or victims.

//
//

## D. Conclusion

16. Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to 18 U.S.C. § 2703(c) and Federal Rule of Criminal Procedure 41.

17. Based upon my training and experience, consultation with other law enforcement officers experienced in bank robbery investigations, and all the facts and opinions set forth in this Affidavit, there is probable cause to believe that the Target Data to be seized, as set forth above and in Section I of Attachment B (incorporated herein), will be found in the location described in Attachment A (incorporated herein). Therefore, I respectfully request that the Court issue a warrant authorizing me, or another federal law enforcement agent, to order T-Mobile to search its corporate records for the Target Data and to order T-Mobile to deliver the Target Data listed in Section I of Attachment B.

Brandon Cagle, Special Agent
Federal Bureau of Investigation

Subscribed and sworn to before me
this 17th day of July, 2018.

Hon. Nita L. Stormes
United States Magistrate Judge

## ATTACHMENT B

**I. Information to be Disclosed by the Provider**

To the extent that the information described in Attachment A is within the possession, custody, or control of the Provider, including any information that has been deleted but is still available to the Provider or that has been preserved pursuant to a request made under 18 U.S.C. § 2703(f), the Provider is required to disclose to the government the following information pertaining to the Account listed in Attachment A for the time period of May 9, 2018 up to and including June 18, 2018:

a. The following information about the customers or subscribers of the Account:

  i. Names (including subscriber names, user names, and screen names);

  ii. Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);

  iii. Local and long distance telephone connection records;

  iv. Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

  v. Length of service (including start date) and types of service utilized;

  vi. Telephone or instrument numbers (including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"); Mobile Identification Number ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"); International Mobile Subscriber

                    Identity Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI");

       vii. Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address); and

       viii. Means and source of payment for such service (including any credit card or bank account number) and billing records.

b. All records and other information (not including the contents of communications) relating to wire and electronic communications sent or received by the Account, including:

       i. the date and time of the communication, the method of the communication, and the source and destination of the communication (such as the source and destination telephone numbers (call detail records), email addresses, and IP addresses); and

       ii. information regarding the cell towers and sectors through which the communications were sent and received.

## II. Information to be Seized by the Government

All information described above in Section I that constitutes evidence and instrumentalities of violations of 18 U.S.C. § 2113(a) involving Terry TAYLOR during the period of May 9, 2018 up to and including June 18, 2018.